UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL J. McCART,

    Plaintiff,

v.

PRYSMIAN POWER CABLES AND
SYSTEMS USA, LLC, *et al.*,

    Defendants.

CASE NO.  C06-1062RSM

ORDER GRANTING MOTION TO
DISMISS PARTY

## **I. INTRODUCTION**

This matter comes before the Court on defendant P.E.P. Shipping, Ltd.'s ("P.E.P.") Motion to Dismiss for lack of personal jurisdiction, improper venue, and forum *non conveniens*. (Dkt. #12).  Defendant argues that it has no connection at all to this forum.  Specifically, defendant notes that it is a Danish corporation, it does not conduct business in the State of Washington, it is not licensed to do business in the state of Washington, it has no offices, property, employees, or shareholders in Washington, it has never advertised or sold products in Washington, and it has no agent located anywhere in the United States.  Thus, defendant argues that there is no basis for either general personal jurisdiction or specific personal jurisdiction in this Court.

Plaintiff answers that defendant's contacts with Washington "are ample to establish"

ORDER
PAGE - 1

personal jurisdiction in this forum. Plaintiff argues that defendant employed the entire navigational crew of the M/V Sophie – the ship on which he alleges he was injured – in Washington, it operated the vessel in Washington waters, had control over the vessel, had substantial work done on the vessel in a shipyard in Seattle, it laid cable in Puget Sound, and it directly contributed to his injury by failing to remove pad eyes on the deck of the vessel while the vessel was in the shipyard in Seattle.

Having considered defendant's motion, plaintiff's response, defendant's reply, and the remainder of the record, the Court disagrees with plaintiff and hereby GRANTS defendant's motion.

## II. DISCUSSION

### A. Background

Plaintiff filed the instant case on July 27, 2006, against defendant Prysmian Power Cables and Systems USA, LLC ("Prysmian"), alleging Jones Act negligence and unseaworthiness claims based on injuries he suffered aboard the M/V Sophie, and breach of contract/wage claims. Prysmian is a Delaware corporation doing business in the state of Washington, and employed plaintiff as a member of the M/V Sophie crew. Plaintiff initially alleged that Prysmian was the owner and operator of the M/V Sophie, as well. However, when Prysmian subsequently appeared in this action, it asserted that the vessel was owned and operated by P.E.P., and therefore P.E.P was responsible for any unseaworthiness of the vessel.

On June 12, 2007, plaintiff filed an Amended Complaint alleging claims against both Prysmian and P.E.P. P.E.P. is a Danish shipping corporation. P.E.P. asserts that it chartered the M/V Sophie to 622229 BC Ltd. and Trinav Shipping B.C. corporations ("Trinav"), based in Vancouver, British Columbia, Canada, on April 25, 2005. P.E.P. further asserts that Trinav, in violation of its agreement with P.E.P., sublet the Sophie to Pirelli Power Cable & Sytems USA, LLC, based in Seattle, WA. P.E.P. argues that pursuant to its contract with Trinav, Trinav

ORDER
PAGE - 2

remains responsible for the contract terms regardless of the sublet. Under the contract, the vessel captain was under orders and direction by Trinav, and Trinav directed the movement of the vessel. Further, Trinav retained the option to place its own staff on board during the charter. It was Trinav's responsibility to ensure that each of its own staff signed a statement containing a forum selection clause, which provided that any dispute arising out of that person's personal injury be governed by Danish law and decided by a Danish court. P.E.P. maintains that Denmark remains an appropriate alternative venue for this action should the Court decline to dismiss the action for lack of jurisdiction. Finally, P.E.P. notes that plaintiff was injured on the Sophie while that vessel was chartered by Trinav and sublet, in violation of Trinav's agreement, to Pirelli Power Cable & Sytems USA, LLC.

P.E.P. appeared in this action March 15, 2007, and promptly filed the instant motion to dismiss for lack of personal jurisdiction. P.E.P. argues that it lacks sufficient contacts with the state of Washington, and that exercising jurisdiction would not be reasonable. In the alternative, P.E.P. argues that this Court should dismiss the action against it on the basis of forum *non conveniens*.

**B. General Jurisdiction**

The Court may exercise general personal jurisdiction over a defendant when it has engaged in substantial or continuous and systematic business activities in the forum state. Plaintiff alleges in his Complaint that "if defendant Prysmian Power Cables and Systems USA, L.L.C. was not the owner and/or operator of the M/V SOPHIE, at all times material, defendant P.E.P. Shipping Ltd. was a company based in Soeborg, Denmark doing business in the Western District of Washington and was the owner and operator of the M/V SOPHIE." (Dkt. #9 at 2). However, there are no facts in the Amended Complaint to support such a conclusory allegation. In addition, defendant has submitted extensive evidence demonstrating that it never conducted business in the state of Washington and has no other contacts with the state.

Defendant is a company organized under the laws of Denmark, and registered with the Danish Commerce and Companies Agency ("DCCA"). Its principal place of business is in Søborg, Denmark. It does not now, nor has it ever, had an office in Washington State, and it is not licensed to do business in Washington State. It has no property, employees or shareholders in Washington, nor has it ever advertised or sold products or services in Washington. Although plaintiff insists that P.E.P. directed the M/V Sophie to Washington and employed its navigational crew while the ship was in Washington, those assertions are not supported by anything other than his own self-serving declaration, which appears to be based on inadmissible hearsay.[1] Further, defendant has produced specific evidence to the contrary.

In addition, there is no evidence that P.E.P. conducts business on a systematic and continuous basis in the United States. Indeed, P.E.P. has no agents or offices located anywhere in the United States. Consequently, plaintiff could not locate P.E.P. in the State of Washington for purposes of service of process, and ultimately served it in Denmark under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commerce Matters.

Finally, the Court notes that the M/V Sophie was a Danish flagged vessel, and the crew employed by P.E.P. consisted of four Danish nationals and five Philippine nationals. The Danish nationals were paid in Danish currency, deposited directly into their personal bank accounts in Denmark. The Philippine nationals were paid in U.S. dollars through Blue Manila, Inc., in the Philippines. Accordingly, the Court agrees with defendant, that this Court may not exercise general personal jurisdiction over it.

**C. Specific Jurisdiction**

Specific personal jurisdiction may be exercised over a foreign defendant when (1) the foreign defendant acted or consummated a transaction in the forum by which he purposefully

---

[1] Defendant has moved to strike those statements; however, because the Court does not rely on the statements in this Order, the Court denies the motion to strike as moot.

ORDER
PAGE - 4

availed himself of the privilege of conducting business in the forum; (2) the claim arises from defendant's forum-related activities; and (3) the exercise of personal jurisdiction is reasonable. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995). If any one of these three requirements is not satisfied, the Court may not exercise jurisdiction over the defendant. *Id.* For the reasons set forth below, the Court finds that the first of these requirements has not been satisfied.

First, in his Amended Complaint, plaintiff makes no specific allegations against P.E.P. Rather, plaintiff alleges that he was injured while working for Prysmian, and states that "if defendant Prysmian Power Cables and Systems USA, L.L.C. was not the owner and/or operator of the M/V SOPHIE, at all times material, defendant P.E.P. Shipping Ltd. was a company based in Soeborg, Denmark doing business in the Western District of Washington and was the owner and operator of the M/V SOPHIE." (Dkt. #9 at 2). Plaintiff does not allege any facts in support of that allegation, and, as discussed above, defendant has specific evidence demonstrating that it has no business presence at all in the state of Washington, or anywhere else in the United States.

In addition, plaintiff acknowledges that he was not employed by P.E.P.; rather, he asserts that he has been employed by Prysmian at all times relevant to the action.

Defendants have also produced valid evidence that at the time plaintiff was injured, that Trinav had chartered the M/V Sophie from P.E.P., the M/V Sophie had been directed to the waters off the coast of Massachusetts, and, although Trinav had violated its own contract with P.E.P. by subletting the vessel to another entity, Trinav remained responsible for its charter agreement. That agreement provided that the captain of the vessel was under the orders and directions of Trinav, not P.E.P., and Trinav directed the movement of the vessel. Plaintiff has provided no evidence to the contrary.[2]

---

[2] The Court notes that plaintiff had previously requested leave to conduct jurisdictional discovery in order to adequately respond to the instant motion. However, after reviewing that request, this Court determined that plaintiff had failed to identify any additional jurisdictional facts which, if found, would

ORDER
PAGE - 5

Despite this apparent lack of connection between P.E.P. and this forum, plaintiff argues that P.E.P. has purposefully availed itself of this forum because it employed crew members on the Sophie while it was in Washington, and it sent its vessel and crew into Washington waters to fulfill the charter. Plaintiff also argues that P.E.P. entered into contractual relationships that allowed Prysmian to hire Washington residents to serve as members of the Sophie crew. Plaintiff cannot support those arguments. Further, although plaintiff complains that he needs further discovery on this issue, the Court notes that plaintiff has had the opportunity to explore the relationship between P.E.P. and Prysmian for many months, and apparently has chosen not to do so, or has found no evidence in support of the claims he now makes.

Accordingly, the Court finds that plaintiff cannot satisfy the first element of the specific jurisdiction test. As a result, the Court cannot exercise specific personal jurisdiction over defendant P.E.P., and it should be dismissed from this litigation.

### III.  CONCLUSION

Defendant's Motion to Dismiss (Dkt. #12) is GRANTED. Plaintiff's claims against defendant P.E.P. are DISMISSED, and P.E.P. is DISMISSED as a party to this action.

The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 9th day of May, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

allow this Court to exercise jurisdiction over defendant P.E.P. (Dkt. #20). That deficiency is present in plaintiff's response to the instant motion as well.

ORDER
PAGE - 6