UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL J. McCART,<br><br>    Plaintiff,<br><br>  v.<br><br>PRYSMIAN POWER CABLES AND SYSTEMS USA, LLC, *et al.*,<br><br>    Defendants. | CASE NO. C06-1062RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SET MAINTENANCE RATE |

## **I. INTRODUCTION**

This matter comes before the Court on plaintiff's motion to set a higher maintenance rate than what he is currently being paid by defendant Prysmian Power Cables and Systems USA, LLC ("Prysmian"). (Dkt. #22). Prysmian is currently paying plaintiff maintenance in the amount of $40.00 per day, which was increased last year, retroactively, from previous payments of $20 per day. Plaintiff now seeks to compel Prysmian to increase the amount of maintenance to $83.17 per day, the amount of his actual living expenses. Plaintiff also seeks retroactive payments in the increased amount. Defendant opposes the motion, arguing that plaintiff has failed to demonstrate that the current rate is unreasonable.

For the reasons discussed below, the Court agrees with defendant and DENIES plaintiff's motion.

ORDER
PAGE - 1

## II. DISCUSSION

### A. Background

Plaintiff filed the instant action on July 27, 2006, against defendant Prysmian Power Cables and Systems USA, LLC ("Prysmian"), alleging Jones Act negligence and unseaworthiness claims based on injuries he suffered aboard the M/V Sophie, and breach of contract/wage claims. Prysmian is a Delaware corporation doing business in the state of Washington, and employed plaintiff as a member of the M/V Sophie crew.

On June 12, 2007, plaintiff filed an Amended Complaint alleging claims against both Prysmian and P.E.P. Shipping, Ltd. ("P.E.P."), the owner of the M/V Sophie. P.E.P. is a Danish shipping corporation. This Court has since dismissed P.E.P. as a defendant based on lack of jurisdiction.

Plaintiff alleges that he was seriously injured when he fell over a large pad-eye that had been left on the working deck of the Sophie. The parties did not have any contractual agreement concerning the rate of maintenance to be paid if plaintiff was injured or became ill while working for Prysmian. However, Prysmian has paid plaintiff $24,120 in maintenance at a rate of $40.00 per day. In addition, Prysmian has paid plaintiff unearned wages in the amount of $19,800.00. Plaintiff now moves to increase maintenance to $83.17 per day.

### B. Amount of Maintenance

The purpose of maintenance and cure is to provide an ill or injured seaman with food, lodging, and necessary medical care during the period when he or she is incapacitated and until maximum medical recovery is achieved. *Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962). Prysmian does not dispute that it owes maintenance to plaintiff, and, indeed, has been paying maintenance for the time period owed. The issue on this motion is whether the current maintenance rate being paid is reasonable.

On motions to compel maintenance, courts do not traditionally employ the strict

summary judgment standard of review. *See, e.g., Ward v. Icicle Seafoods, Inc.*, 2006 U.S. Dist. LEXIS 52279 at *5-6 (W.D. Wash. July 31, 2006); *Mabrey v. Wizard Fisheries, Inc.*, 2006 U.S. Dist. LEXIS 14321, at *6-7 (W.D. Wash. March 10, 2006). Instead, the courts apply a more flexible approach, considering both plaintiff's actual cost of food and lodging, and the reasonable cost of food and lodging in his locality – in this case, Carbanado, Washington. *See, e.g.*, *Hall v. Noble Drilling, Inc.*, 242 F.3d 582, 590 (5th Cir. 2001).

Plaintiff has presented evidence that he spends $2,498.73 per month paying for his home mortgage, utilities (electric, propane, phone, water, sewage and garbage), firewood and groceries. However, those expenses include items which are not properly included in the cost of maintenance, such as the phone and restaurant meals. (Dkt. #23, Ex. 3). Furthermore, Prysmian has provided evidence that plaintiff may be paying a higher mortgage rate due to his history of being in arrears on his mortgage, which includes arrears that predate his accident on the M/V Sophie. In addition, defendant has provided sample housing costs ranging from $7 a day to $20 a day, which could easily be covered by his current maintenance rate. Likewise, Kurt Gremmert of Spartan Limited, a maritime adjuster that Prysmian uses, states that in his experience, "the current average rate of maintenance in Western Washington ranges between a low of $20 and a high of $25. With the exception of this matter, the highest rate Spartan has paid for maintenance is $35." (Dkt. #26 at 2). A review of admiralty cases in this district supports that statement. *See, e.g.*, *Ward v. Icicle Seafoods, Inc.*, 2007 U.S. Dist. LEXIS 18676 (W.D. Wash. March 16, 2007); *Mabrey*, 2006 U.S. Dist. LEXIS 14321; *Hefta v. Cruise West, Inc.*, 2005 AMC 2942 (W.D. Wash. 2005).

The Court also considers the fact that plaintiff seeks to increase payments through a motion, rather than at trial. As noted above, in exercising its admiralty jurisdiction, the Court is empowered to take a "flexible" approach. *Putnam v. Lower*, 236 F.2d 561, 568 (9th Cir. 1956). However, the rate of maintenance must be reasonable, and reasonableness is an issue of fact for

trial. *See, e.g.*, *United States v. Robinson*, 170 F.2d 578, 582 (5th Cir. 1948). In this case, the Court finds that plaintiff has not shown $40.00 per day is unreasonable, and Prysmian should have an opportunity to challenge the requested amount at trial. Therefore, the Court reserves ruling on the reasonableness of the rate. Until that matter is resolved, Prysmian shall continue to pay plaintiff maintenance at the current rate of $40.00 per day.

### III.  CONCLUSION

Plaintiff's Motion to Set Maintenance Rate (Dkt. #22) is DENIED.   The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 3rd day of August, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE